UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERAL PEOPLES, #253654,

 Plaintiff,

 CASE NO. 05-CV-40395-FL
v. HONORABLE PAUL V. GADOLA

MALITA BARRETT, et al.,

 Defendants.
_____/

**OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT,
DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND
CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

**I. Introduction**

Jeral Peoples ("Plaintiff"), a Michigan prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. This Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff alleges that Malita Barrett ("Defendant"), an appointed criminal defense attorney, has failed to provide him with proper legal representation in his state criminal appellate proceedings. He also names the Michigan Department of Corrections as a defendant. Plaintiff seeks declaratory and injunctive relief. Having reviewed the complaint, the Court now dismisses it for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The Court also denies Petitioner's pending motion for appointment of counsel and concludes that an appeal cannot be taken in good faith.

1

**II.     Discussion**

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b).

To state a federal civil rights claim, a plaintiff must show that:  (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  A *pro se* civil rights complaint is to be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988).  Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal because Plaintiff has failed to state a claim upon which relief may be granted.

As noted, Plaintiff alleges that Defendant Barrett has failed to provide him with proper legal representation during his state criminal appellate proceedings.  Defendant, an appointed criminal defense lawyer, is not subject to suit under § 1983 since she is not a state actor.  *See,*

*e.g., Polk Co. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Accordingly, Plaintiff's civil rights complaint against Defendant Barrett must be dismissed.

Additionally, to the extent that Plaintiff is challenging his criminal conviction or appeal, he also fails to state a claim for relief. A claim under § 1983 is an appropriate remedy for a prisoner challenging a condition of his imprisonment. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). In this instance, Plaintiff is actually seeking habeas corpus relief inasmuch as his ineffective assistance of counsel claim addresses the validity of his continued confinement. Such claims are not properly brought under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the prisoner. *Id.* at 487-89. Plaintiff has not shown that his conviction has been reversed on appeal or otherwise declared invalid. His civil rights complaint is thus subject to dismissal on this basis as well.

### III.   Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted and that his civil rights complaint must be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Given this determination, the Court also **DENIES**

Petitioner's motion for appointment of counsel.

Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.


DATED:     January 17, 2006            s/Paul V. Gadola
                                        HON. PAUL V. GADOLA
                                        UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   January 17, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
_____, and
I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:              Jeral Peoples                    .

                                        s/Ruth A. Brissaud
                                        Ruth A. Brissaud, Case Manager
                                        (810) 341-7845

4